**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMIN ACKRIDGE | : | |
| | : | |
| Appellant | : | No. 2186 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007098-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMIN ACKRIDGE | : | |
| | : | |
| Appellant | : | No. 2187 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007099-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMIN ACKRIDGE | : | |
| | : | |
| Appellant | : | No. 2188 EDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007100-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S45019-22

.
v.                                    :
                                      :
                                      :
AMIN ACKRIDGE                         :
                                      :
        Appellant          :      No. 2189 EDA 2021

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0007101-2016


BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 11, 2023**

Appellant, Amin Ackridge, appeals from the September 29, 2021 order of the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed an **Anders**[1] brief in which he concludes all issues lack merit.  As we find counsel's attempt to withdraw is deficient, we instruct counsel to correct those deficiencies before we may address this appeal on its merits.

Briefly, following a trial, Appellant was convicted of twenty-eight offenses, including multiple counts each of attempted murder, robbery, conspiracy, and possession of a firearm prohibited.  The trial court imposed consecutive guideline-range sentences for each conviction that did not merge, resulting in an aggregate sentence of 194 to 456 years of imprisonment.  After granting Appellant's motion for reconsideration, the trial court resentenced

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

- 2 -

Appellant to an aggregate sentence of 178 to 416 years of imprisonment. Appellant timely filed a notice of appeal to this Court. We affirmed the judgment of sentence. *See Commonwealth v. Ackridge*, No. 2868 EDA 2017, unpublished memorandum (Pa. Super. filed May 24, 2019). Our Supreme Court denied Appellant's petition for allowance of appeal on January 16, 2020. *See Commonwealth v. Ackridge*, No. 328 EAL 2019 (Pa. 2020).

> Appellant timely filed the instant *pro se* PCRA petition on November 17, 2020 on all four dockets, claiming that his convictions or sentences resulted from a violation of the Constitution, ineffective assistance of counsel, and the imposition of a sentence greater than the lawful maximum. [The PCRA court] appointed Peter A. Levin to serve as PCRA Counsel for Appellant. On June 11, 2021, Appellant's PCRA counsel filed a no-merit letter with [the PCRA court] pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)]. In this letter, counsel stated that although Appellant's PCRA petition was timely and Appellant was eligible for relief, the issues Appellant raised were without arguable merit. Appellant's PCRA counsel additionally requested permission to withdraw as counsel of record for Appellant.
>
> On July 12, 2021, after independently reviewing the Appellant's PCRA petition, PCRA counsel's *Turner/Finley* no-merit letter, and the record as a whole, [the PCRA court] determined that the issues raised by Appellant in his PCRA petition were without merit and filed a [t]wenty-[d]ay Notice to Dismiss pursuant to Pa.R.Crim.P. 907. On September 29, 2021, [the PCRA court] entered an Order formally dismissing Appellant's PCRA petition, permitting Peter A. Levin to withdraw as counsel, and appointing D. Wesley Cornish to serve as PCRA appellate counsel for Appellant. On October 21, 2021, Appellant filed a timely notice of appeal from the dismissal of his PCRA petition without an evidentiary hearing. On October 22, 2021, [the PCRA court] entered an order directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), which Appellant filed on November 4, 2021.

PCRA Court Opinion, 4/7/22, at 1-4.

We preliminarily address a potential **Walker**[2] issue affecting the instant appeal.

On September 29, 2021, the trial court issued an order dismissing Appellant's PCRA petition at four individual trial court dockets. Thereafter, counsel for Appellant timely filed four notices of appeal challenging the PCRA court's denial at each trial court docket. These notices, however, listed all four trial court dockets on each notice, rather than listing a single corresponding trial court docket. Pennsylvania Rule of Appellate Procedure 341(a) and its Note require the filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket. The Supreme Court of Pennsylvania has confirmed a notice of appeal that fails to comply with Rule 341 and its Note may result in quashal of the appeal. **See Walker**, **supra**.

Similar to the instant appeal, this Court reviewed a case where an appellant filed four notices of appeal listing four trial court docket numbers on each notice, but one trial court docket number was italicized on each. **See Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*). There, this Court noted that **Walker** requires an appellant to file a "separate"

---

[2] **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). In **Walker**, our Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. The decision applies to all cases filed after June 1, 2018.

notice of appeal for each trial court docket being challenged. **Johnson**, 236 A.3d at 1148. Upon review, this Court concluded that the appellant in Johnson complied because it was clear that he filed a separate notice of appeal for each of the four trial court docket numbers as an individual number was italicized on the separate notices of appeal. **Id.** Accordingly, this Court in **Johnson** declined to quash.

In the instant case, the first page of each notice of appeal filed by counsel has a check mark next to an individual trial court docket number. While it is unclear as to whether these marks were made by counsel or a Clerk of Courts, these marks were used by this Court's Prothonotary in designating which trial court docket corresponded to each case on this Court's docket.[3]

Alternatively, we note that counsel attached a copy of an individual trial court docket to each notice of appeal, even labeling them as "Exhibit." The attached trial court dockets, however, do not correspond with the check marks on the first page of each notice of appeal.[4]

_____

[3] Using the check marks, this Court's dockets and the trial court's dockets correspond as follows:

2186 EDA 2021 corresponds to CP-51-CR-0007098-2016
2187 EDA 2021 corresponds to CP-51-CR-0007099-2016
2188 EDA 2021 corresponds to CP-51-CR-0007100-2016
2189 EDA 2021 corresponds to CP-51-CR-0007101-2016

[4] Using the attached Exhibits, this Court's dockets and the trial court's dockets correspond as follows:

*(Footnote Continued Next Page)*

Because Appellant appealed from four dockets numbers and filed four notices of appeal, we conclude that Appellant complied with *Walker*. *See Johnson*, 236 A.2d at 1148.

Turning to the merits of this case, on appeal, Appellant raises the following issue for our review:

> Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief and new trial . . . by accepting PCRA counsel's *Finley* Letter, negating improper consolidation, an illegal sentence, removal of juror, introduction of testimony about a Delaware robbery case, and allowance of skin tone testimony without an evidentiary hearing?

Appellant's Brief, at 2.

Counsel identifies his appellate brief as Appellant's Brief. However, the wording counsel used to address some of the issues on appeal, along with two lone references to *Anders* (on the cover page and the last page), makes it clear that this is not an advocate brief. To the extent that the current brief is indeed an *Anders* brief, we note that counsel's reliance on *Anders* is misplaced.

It is well known that *Anders* applies only when counsel seeks to withdraw from representation on direct appeal. Where, as here, counsel seeks to withdraw from representation on collateral appeal, *Turner*/*Finley* applies. However, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* brief

---

2186 EDA 2021 corresponds to CP-51-CR-0007101-2016
2187 EDA 2021 corresponds to CP-51-CR-0007100-2016
2188 EDA 2021 corresponds to CP-51-CR-0007099-2016
2189 EDA 2021 corresponds to CP-51-CR-0007098-2016

because an **Anders** brief offers broader protection. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). If counsel has filed an **Anders** brief instead of a **Turner**/**Finley** brief, we analyze whether counsel's brief meets the standards of **Turner**/**Finley**.

A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). If counsel has substantially complied with these requirements, we conduct our own independent review to determine if the issues raised are in fact meritless. If they are, we grant counsel's petition to withdraw. **Id.**

Our review of the record reveals that, while counsel filed an **Anders** brief concluding that the issues raised on appeal "all lack merit," Appellant's Brief at 17,[5] counsel did not file a contemporaneous application to withdraw from representation, and by extension of that failure, did not attach to that application a letter advising Appellant of his rights. **See Commonwealth v.**

---

[5] While we express no opinion on whether the current brief meets the briefing requirements under **Turner**/**Finley**, we take this opportunity to remind counsel that a **Turner**/**Finley** brief must, *inter alia*, detail the nature and extent of counsel's review of the case.

***Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005). It appears, therefore, counsel failed to provide proper notice to Appellant of his rights going forward. The record is devoid of any indication that PCRA counsel sent a copy of his brief to Appellant or that he sent him a letter advising him of his right to proceed *pro se* or retain new counsel and raise any additional points that he deemed worthy of this Court's attention.

Accordingly, we direct counsel to file either an advocate's brief or a petition to withdraw and a brief that meet the requirements pursuant to ***Turner***/***Finley*** within 30 days. If counsel elects to file a petition to withdraw, he must also comply with the notice requirements of ***Millisock***, and file proof thereof with this Court. Specifically, counsel must attach to the petition a copy of a letter sent to Appellant fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review, and advise Appellant that he may respond, within 30 days of counsel's letter, to counsel's brief, if he so chooses. The Commonwealth will then have 30 days to respond to anything filed by current PCRA counsel or Appellant.

PCRA counsel may file an application to withdraw and a ***Turner***/***Finley*** brief within thirty (30) days of this memorandum's date and provide notice to Appellant pursuant to ***Turner***/***Finley***. Appellant may respond to the application within thirty (30) days of the date of the letter notifying him of the application to withdraw. In the alternative, PCRA counsel may file an advocate's brief within thirty (30) days of the date of this memorandum. In

either event, the Commonwealth will be permitted to file a response to any such filing by either PCRA counsel or Appellant, within thirty (30) days of the date they are filed in this Court.

Panel jurisdiction retained.